UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH SCHMIDT AND JAMES SCHMIDT,<br><br>      Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | Civ. No. 2:17-cv-01708<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Plaintiffs Deborah and James Schmidts' ("Plaintiffs'") Motion for Reconsideration. ECF No. 40. For the reasons set forth below, the Motion is **DENIED**.

## I.     BACKGROUND

The underlying facts of this case were laid out in the Court's September 14, 2017 Opinion, ECF No. 11 ("2017 Opinion"), and supplemented by its November 30, 2018 Opinion, ECF No. 38 ("2018 Opinion"). Between the 2017 and 2018 Opinions, a related state court foreclosure action captioned *HSBC Bank v. Deborah A. Schmidt* ("Foreclosure Action") proceeded to final judgment.

In the 2018 Opinion, United States Magistrate Judge Mark Falk granted in part and denied in part Plaintiffs' Motion to Amend the Complaint in this case. ECF No. 38. Plaintiffs now move for reconsideration, in part, of that Opinion. Mot. for Recon., ECF No. 40 ("Motion"). Specifically, Plaintiffs argue that the Court improperly found *res judicata* barred their proposed New Jersey Consumer Fraud Act ("CFA") claim against Wells Fargo Bank, N.A. ("Defendant"). Br. in Support of Pl. Mot. for Recon. at 2, ECF No. 40-1 ("Pl. Br.").[1] Defendant opposed the Motion, arguing the 2018 Opinion was correct and regardless, Plaintiffs waived their argument by failing to raise it in their original motion papers. Def. Br. in Opp. to Mot., ECF No. 41-1 ("Def. Br.") (noting Plaintiffs' failure to file a reply brief).

The Court ordered supplemental briefing on the issue of whether Defendant was in privity with the plaintiff in the Foreclosure Action, HSBC Bank USA, N.A. ("HSBC"). Jan. 16, 2019 Order, ECF No. 44. Plaintiffs ignored that order and filed a reply brief asserting arguments unrelated to Defendant's privity with HSBC. Pl. Reply. Br., ECF No. 47.[2] Defendants filed a sur-reply, pointing out Plaintiffs' failures. ECF No. 48.

---

[1] Plaintiffs also note they *plan* to file another motion for leave to amend the complaint. Pl. Br. at 3. The Court expresses no view on the merits of that hypothetical motion at this juncture.

[2] Those arguments will not be considered, as they were asserted in direct contravention of the Court's

1

## II. DISCUSSION

### A. Plaintiffs Fail to Satisfy the Motion for Reconsideration Standard

The Motion is denied because it does not satisfy the requirements of a reconsideration motion. "A party seeking reconsideration must show more than disagreement with the Court's decision." *Emmanouil v. Roggio*, 06-cv-1068, 2012 WL 3647412, at *5 (D.N.J. Aug. 23, 2012) (citations omitted). Parties "may not seek to relitigate old matters and may not raise arguments or present evidence that could have been raised before the entry of the original order." *Interstate Fire & Cas. Co. v. Schnellbacher-Sendon Grp.*, 17-cv-11305, 2018 WL 3377171, at *2 (D.N.J. July 11, 2018) (citing *Borestsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011); *Dunkley v. Mellon Inv'r Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010)). Instead, movants must set "forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.R. 7.1(i).

Here, the Motion for Reconsideration is denied because Plaintiffs failed to raise their argument at the proper juncture. Plaintiffs' only considered argument, *see supra* n.2, is that Defendant is estopped from asserting *res judicata* because HSBC "insist[ed] to the [foreclosure] court that the [F]oreclosure [A]ction . . . could go forward and did not affect the instant case." Pl. Br. at 1 (italics altered). In support, Plaintiffs cite HSBC's brief in opposition to Plaintiffs' motion to dismiss the Foreclosure Action ("Foreclosure Brief"). *Id.* HSBC filed the Foreclosure Brief on May 30, 2017. Pl. Br., Ex. A at 1. Therefore, Plaintiffs could have presented their estoppel argument in a reply brief for their motion to amend, due on July 9, 2018. They did not. Accordingly, their Motion is **DENIED**. *See Interstate Fire & Cas. Co.*, 2018 WL 3377171, at *2 (disallowing reconsideration of arguments that could have been raised previously).

### B. Plaintiffs' Arguments Are Substantively Deficient[3]

Even if Plaintiffs properly asserted their estoppel argument, it is deficient because, when HSBC made the representations Plaintiffs complain of, they were accurate.

The only evidence Plaintiffs provide for their estoppel argument are the filings and decisions in the Foreclosure Action. Specifically, HSBC argued, and the judge accepted, (1) that Defendant and HSBC are different entities and (2) the claims invoked in the Foreclosure Action were not "substantially similar" to the claims asserted here. Foster Cert., Exs. A-B, ECF No. 40-2. Thus, Plaintiff argues, Defendant "is estopped from claiming that HSBC is its equivalent." Pl. Br. at 2.[4]

---

Order and not raised in Plaintiff's original brief. *See* Jan. 16, 2019 Order; L.R.7.1(d)(3).

[3] Given the Third Circuit's general preference to decide claims on the merits and not on technicalities, *see, e.g.*, *Epifan v. Roman*, 11-cv-2591, 2014 WL 12633502, at *3 (D.N.J. Dec. 16, 2014) (collecting cases), and Plaintiffs' counsel's—not the parties'—responsibility for failing to submit a reply brief, Pl. Br. at 1 n.1, the Court will also address Plaintiffs' substantive argument. As previously noted, the Court will not consider arguments raised for the first time in Plaintiff's reply brief. *See supra* n.2.

[4] Unfortunately for Plaintiffs, whether HSBC and Defendant are "equivalent" is not the operative question. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (requiring "the same

At the time of HSBC's representations and the resulting opinion in the Foreclosure Action (May 30 and June 21, 2017, respectively), Plaintiffs' complaint in this case did not include the CFA claim. *See generally* Compl., ECF No. 1. The only fraud count at the time was based on the misrepresentation "that [P]laintiffs' loan was not HAMP eligible." *Id.* ¶ 29. The fact that Plaintiffs moved to add a CFA claim in June 2018—one year *after* the Foreclosure Action decision Plaintiffs cite—does not create post-hoc preclusive effect to HSBC's earlier representations. Further, HSBC's representations did not prevent Plaintiffs from contesting HSBC's right to foreclose or the mortgage balance in the Foreclosure Action.[5] *See* N.J. Ct. R. 4:64-5 ("Only germane counterclaims and cross-claims may be pleaded."); *Mantovani v. Wells Fargo Bank, N.A.*, No. 18-CV-0886, 2018 WL 3849907, at *4 (D.N.J. Aug. 13, 2018) ("Germane counterclaims are those that arise out of the mortgage that is the basis of the foreclosure action . . . and include claims relating to payment[,] discharge, and incorrect computation of the amounts due."). Just because Plaintiffs failed to effectively make those arguments in the Foreclosure Action does not mean Defendant is estopped from asserting *res judicata* here. Instead, for the reasons set forth in the 2018 Opinion, Plaintiffs are not permitted to add the CFA claim. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) ("The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought."); *Patetta v. Wells Fargo Bank, NA*, 09-cv-2848, 2010 WL 1931256, at *11 (D.N.J. May 13, 2010) (holding CFA claim was germane to foreclosure action and could have been raised). Therefore, the Motion is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs Deborah and James Schmidts' Motion for Reconsideration, ECF No. 40, is **DENIED**.

Date: March 7, 2019

*/S/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

---

parties *or their privies*" for *res judicata* to apply (emphasis added)); *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) ("Privity is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata*." (citation omitted)).

[5] In fact, Plaintiffs *did* argue that the amount due on their mortgage was incorrect in the Foreclosure Action due to misapplied funds. *See* Murphy Aff., Ex. 3, January 31, 2018 Foreclosure Action Order and Statement of Reasons at 4, ECF No. 36-2 (denying Plaintiffs challenge to the total amount due for lack of specificity).